BLYTHE MICKELSON, Bar No. 095506
EZEKIEL D. CARDER, Bar No. 206537
RYAN B. KADEVARI, Bar No. 302957
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  bmickelson@unioncounsel.net
         ecarder@unioncounsel.net
         rkadevari@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>JOEL COOK; JOEL COOK, individually and doing business as PORTAL ARCHITECTURAL OPENINGS; and PORTAL ARCHITECTURAL OPENINGS,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR WITHDRAWAL LIABILITY** |

Plaintiffs complain of Defendants, and for cause of action allege:

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

I.

This action to collect withdrawal liability arises under and is brought pursuant to Section 502, 4221(b), 4301 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (hereinafter "ERISA") (29 U.S.C. §§1132, 1401(b), 1451) and Section 301 of the Labor Management Relations Act (hereinafter "LMRA"), (29 U.S.C. §185.) Pursuant to Sections 502(e)(2) and 4301(d) (29 U.S.C.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1

COMPLAINT FOR WITHDRAWAL LIABILITY

§§1132(e)(2), 1451(d)), venue properly lies in this District Court because the Pension Trust Fund is administered in the County of Alameda.

## PARTIES

### II.

Plaintiffs Board of Trustees were and are Trustees of the Carpenters Pension Trust Fund for Northern California (hereinafter "Plaintiffs" or "Trust Fund"). At all times material herein, the Trust Fund was, and now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the LMRA (29 U.S.C. § 186), and a multiemployer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). The above-named Trust Fund is administered by a Board of Trustees which may bring this action in the name of the Trust Fund pursuant to the express provisions of the Pension Trust Agreement.

### III.

At all times material herein, Defendants Joel Cook; Joel Cook, individually and doing business as Portal Architectural Openings; and Portal Architectural Openings (hereinafter collectively referred to as "Defendants"), have been an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§1002(5), 1145) and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA (29 U.S.C. §185).

## CLAIM FOR RELIEF

### IV.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

### V.

At all relevant times, Defendants were parties to and bound by a written collective bargaining agreement, known as the Carpenters Master Agreement for Northern California (hereinafter "Master Agreement") with the Carpenters 46 Northern California Counties Conference Board (hereinafter "Union"), and agreed to accept and be bound by all the terms, provisions and conditions of the Master Agreement. The Master Agreement obligated Defendants to make regular and timely contributions to the Trust Fund on behalf of all those

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

COMPLAINT FOR WITHDRAWAL LIABILITY

employees performing covered work.

VI.

By virtue of signing said Master Agreement and making payments to the Trust Fund, Defendants agreed to accept and be bound by all the terms, provisions and conditions of the Trust Agreement establishing the Trust Fund and any amendments thereto.

VII.

The above-mentioned Master Agreement and Trust Agreement provide for prompt payment of all employer contributions to the Trust Fund and for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Fund, in the event of a breach by the employer, where it would have been impracticable or extremely difficult to ascertain the Plaintiffs' losses.

VIII.

The Trust Agreement and Master Agreement also provide for the payment of interest, attorneys' fees and all other costs incurred by the Plaintiffs in the collection of any delinquent payment.

IX.

ERISA Section 515 (29 U.S.C. §1145) provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement. Under ERISA, the court shall award the plan: unpaid contributions; interest on unpaid contributions; an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan; reasonable attorneys' fees and costs of the action; and such other legal or equitable relief as the court deems appropriate.

X.

ERISA Section 4201 (29 U.S.C. §§ 1145) further provides that the Trustees shall have the authority to assess withdrawal liability against contributing employers who terminate participation in the Plaintiff Trust Fund for any reason. The withdrawal liability shall be

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

COMPLAINT FOR WITHDRAWAL LIABILITY

determined as set forth in ERISA and Plaintiff's governing documents and an employer shall be liable for withdrawal liability if it terminates participation in a benefit plan maintained by the Trust Fund. The withdrawal liability shall be due and payable by the employer upon demand by the Trust Fund.

## XI.

By virtue of the above-mentioned agreements, Defendants became a contributing employer to the Plaintiff Trust Fund.

## XII.

On or about August 21, 2015, Defendants withdrew participation from Plaintiff Trust Fund and ceased to contribute to the Plaintiff Trust Fund, thereby completely withdrawing from the Trust Fund. Under Section 4201 of ERISA (29.U.S.C. § 1381), an obligation exists upon an employer that withdraws from the Trust Fund to pay an amount known as "withdrawal liability" as determined by the Board of Trustees pursuant to the applicable statutory, administrative, and contractual provisions.

## XIII.

In 2016, and pursuant to Sections 4202 and 4219 of ERISA (29.U.S.C. §§1382, 1399), Plaintiff Trust Fund calculated the amount of Defendants' withdrawal liability to be $45,537.00. Under the payment schedule, Defendants were required to make twenty-seven (27) monthly payments of $1,755.00 commencing on June 1, 2016, with a final payment of $373.00 due on September 1, 2018.

## XIV.

On or about March 25, 2016, Plaintiff Trust Fund notified Defendants that their withdrawal liability to Plaintiff was $45,537.00, and demanded payment. The notice also informed Defendants of their right to make a lump sum payment of the entire amount or make payments according to the payment schedule. The notice informed Defendants that Defendants must make their payments to Plaintiff Trust Fund even if Defendants requested a review of the withdrawal liability determination. The notice informed Defendants of the components of the withdrawal liability and included documentation. A true and correct copy of Plaintiff Trust

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

COMPLAINT FOR WITHDRAWAL LIABILITY

Fund's notice is attached hereto as **Exhibit A**, and is incorporated herein by reference.

XV.

Defendants have failed, refused, and neglected to make one or more of the required payments of withdrawal liability to Plaintiff Trust Fund.

XVI.

On or about September 22, 2016, Plaintiff Trust Fund notified Defendants that they failed to submit their monthly payment, and that if the delinquent withdrawal liability payments were not received within 60 days after receipt of said letter, the Plaintiff Trust Fund would elect to require the immediate payment of the entire liability plus accrued interest. A true and correct copy of Plaintiff Trust Fund's September 22, 2016 letter is attached hereto as **Exhibit B**, and is incorporated herein by reference.

XVII.

Defendants failed to respond to the September 22, 2016 correspondence or cure the delinquency.

XVIII.

On or about November 29, 2016, Plaintiff Trust Fund notified Defendants that they were in default and the Trust Fund had elected to require the immediate payment of the withdrawal liability amount. A true and correct copy of Plaintiff Trust Fund's November 29, 2016 letter is attached hereto as **Exhibit C**, and is incorporated herein by reference.

XIX.

Under Sections 515, 4219(c)(5) and 4301(b) of ERISA (29 U.S.C. §1145, 1399(c)(5), 1451(b)) and the Trust Agreement, such a failure to make a withdrawal liability payment is considered a default and thus a delinquent contribution. Section 4219(c)(5) of ERISA (29 U.S.C. §1399(c)(5)) provides that in the event of a default, a plan sponsor may require immediate payment of the entire amount of outstanding withdrawal liability, plus accrued interest on that total amount of outstanding liability from the due date of the first payment which was not timely made.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

## XX.

Defendants have failed, refused and neglected to remit their outstanding withdrawal liability with interest and the total outstanding withdrawal liability is now due and owing. As such, Plaintiffs are forced to bring the present action to collect withdrawal liability plus interest, liquidated damages, attorneys' fees and costs and such other legal or equitable relief as the Court deems appropriate.

## XXI.

By reason of the foregoing, Defendants are indebted to Plaintiff in the sum of $45,537.00 or alternatively the amount of withdrawal liability according to proof, less any payments received, together with interest thereon, liquidated damages, attorney's fees, and other costs in accordance with the Trust Agreement and Sections 4301(b) and 502(g) of ERISA (29 U.S.C. §§ 1451(b), 1132(g)).

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For the sum of $45,537.00, or alternatively the amount of withdrawal liability according to proof, less any payments received, as provided for under the Trust Agreement and in accordance with the delinquent contribution provisions of ERISA (29 U.S.C. §§ 1132(g)(2)(A), 1145, 1381 et seq.);

2. Interest in accordance with the Trust Agreement and Sections 502(g)(2)(B), 1399(c)(5) of ERISA, (29 U.S.C. §§1132(g)(2)(B), 4219 (c )(5));

3. Liquidated damages provided for under the Trust Agreement and in accordance with Sections 502(g)(2)(C) and 4301(b) of ERISA (29 U.S.C. §§ 1132(g)(2)(C), 1451(b)) or double interest;

4. Reasonable attorneys' fees and costs incurred herein in accordance with the Trust Agreement and Sections 502(g)(2)(D) and 4301(e) of ERISA (29 U.S.C. §§1132(g)(2)(D), 1451(e)); and

//
//

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

COMPLAINT FOR WITHDRAWAL LIABILITY

1    5.   For such other and further legal and equitable relief as this Court deems just and
2    proper.

3    Dated: December 6, 2017

        WEINBERG, ROGER & ROSENFELD
        A Professional Corporation

        By: _____
            EZEKIEL D. CARDER
            Attorneys for Plaintiffs

144370\944376

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

COMPLAINT FOR WITHDRAWAL LIABILITY